UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

99 WALL DEVELOPMENT INC.,
                            Plaintiff,

     -and—

T.G. NICKEL & ASSOCIATES, LLC.,
                            Plaintiff-Intervenor,

     – against –

ALLIED WORLD SPECIALTY INSURANCE COMPANY
(f/k/a DARWIN NATIONAL ASSURANCE COMPANY),

                            Defendant.

**OPINION AND ORDER**

**18-CV-126 (RA) (KHP)**



**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

     This case involves a dispute over insurance benefits under a Commercial Inland Marine Policy (the "Policy") issued by Defendant Allied World Specialty Insurance Company ("Allied") to Plaintiff 99 Wall Development Inc. (99 Wall") and Intervenor-Plaintiff T.G. Nickel & Associates, LLC ("TGNA"). TGNA has moved to amend its Intervenor Complaint.[1] For the reasons discussed below, the motion (*See* Doc No. 108) is granted.

## BACKGROUND

     99 Wall owns a building at 99-101 Wall Street. (IC ¶ 6.) The building was a 29-story office building that has since been converted into residential condominiums. (IC ¶ 8.) In February 2015, 99 Wall and TGNA entered into a construction management agreement

---
[1] The Intervenor Complaint is referred to herein as "IC." (*See* Doc No. 51.) The proposed amended Intervenor Complaint is referred to herein as "AIC." (*See* Doc No. 109-1.) The First Amended Complaint filed by 99 Wall against Allied is referred to herein as the "FAC." (*See* Doc No. 28.)

pursuant to which TGNA agreed to manage the conversion of the office building into residential space and provide the necessary labor, material, equipment, and supervision (the "Project"). (IC ¶ 7.)

Construction on the Project started in December 2014 and continued through September 2017. (IC ¶ 10.) Several problems occurred during the course of the Project. On July 29, 2016 and October 6, 2016, the building suffered water damage (collectively referred to as the "Water Losses"). (IC ¶ 11.) In July, water caused damages to the building's elevators. (IC ¶ 13.) In October, water caused damage to various condominium units and common areas in the building. (IC ¶ 15.) The water damage required extensive remediation and caused significant delays to the Project. (IC ¶ 16.)

99 Wall timely submitted claims to Allied for damages caused by the Water Losses. (FAC ¶ 40.) 99 Wall alleges that Allied ignored its payment obligations and delayed paying benefits by asking for documents unnecessary for purposes of evaluating the insurance claim and documents already produced to it by 99 Wall. (FAC ¶¶ 41-45.) 99 Wall claims that Allied's delay in paying benefits under the Policy had a substantial negative impact on the viability and profitability of the Project, including causing some condominium buyers to refuse to close on units and canceling their purchase agreements and causing 99 Wall losses in buyer concessions and discounts. (FAC ¶¶ 46-47.) 99 Wall claims that it fully complied with the terms of the Policy and that Allied owes substantial amounts under the Policy. 99 Wall also sued TGNA in New York State Supreme Court seeking damages for the same losses as those alleged in its action against Allied. (IC ¶ 51.)

TGNA likewise claims that it suffered compensable losses under the Policy. It claims that

2

it incurred additional construction costs and expenses, additional soft costs to reduce losses, and costs associated with delay of the Project. (IC ¶¶ 39, 41, 49-50.) It also claims that as a result of Allied's delay and denial of 99 Wall's insurance claims, it is now facing and incurring the costs of defending the action by Allied in New York State court. (IC ¶¶ 51-53.) In the IC, TGNA asserted a claim for breach of contract and also sought interest, consequential damages, and reasonable attorneys' fees and costs. (*See generally* IC.)

Although Plaintiff 99 Wall and Intervenor Plaintiff TGNA asserted only breach of contract claims, Allied moved to dismiss the claims filed by 99 Wall to the extent they could be read to assert claims for breach of the covenant of good faith and fair dealing and for common-law or statutory bad faith. (*See* Doc No. 33 at 1, 7-8.) On January 28, 2019, the Honorable Ronnie Abrams issued an oral ruling denying Allied's motion against 99 Wall and granting in part and denying in part the motion against TGNA. (Doc No. 102, Transcript of January 17, 2019 Conference ("Tr.").) Judge Abrams recognized that New York does not recognize a separate cause of action for bad faith but that courts have permitted a bad faith allegation to be included in a complaint as part of a breach of contract cause of action. *See* Tr. at 4-5 (citing *Woodhams v. Allstate Fire and Casualty Co.,* 748 F. Supp. 2d 211, 223 (S.D.N.Y. 2010); *Rockville Center v. General Reinsurance Corp.*, 2016 WL 5793996, at *3-4 (S.D.N.Y. Sept. 23, 2016)). Judge Abrams also permitted 99 Wall's prayer for consequential damages to remain because "under New York law, consequential damages may be recoverable in an insurance breach of contract action where the consequential damages 'result from a breach of the covenant of good faith and fair dealing', and the damages were 'within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting.'" *Id.* at 5-6 (quoting *Panasia Estates, Inc. v. Hudson Ins. Co.,* 10 N.Y.3d 200, 203 (2011)). Judge Abrams noted that 99 Wall adequately

3

alleged consequential damages insofar as it asserted the Allied repeatedly required it to produce unreasonable and duplicate documents causing inordinate delay in the adjustment and review of the claim for the Water Losses and other damages. *Id.* at 6 (citing *Bi-Economy Market, Inc. v. Harleysville Ins. Co. of New York*, 10 N.Y.3d 187, 195 (2008)). Judge Abrams also noted that 99 Wall adequately pleaded that the damages were within the contemplation of the parties given that the Policy's "Delay in Completion Part" provides coverage for some of the consequential damages 99 Wall seeks. *Id.* at 6-7. The Court rejected Allied's argument that consequential damages are precluded by the Policy. *Id.* at 7. Finally, Judge Abrams deferred ruling on Allied's request to dismiss 99 Wall's claim for attorneys' fees in the event 99 Wall could make out a claim under New York's narrow exception to the general rule prohibiting claims for attorneys' fees in the insurance context.[2] *Id.* at 8 (citing *Sukup v. State of New York*, 19 N.Y.2d 519, 522 (1967)). She likewise deferred ruling on Allied's request to dismiss 99 Wall's claim for interest, finding that interest would be determined if 99 Wall eventually obtains a judgment. *Id.* at 9.

In contrast to her ruling with respect to 99 Wall, Judge Abrams granted Allied's motion to dismiss TGNA's request for consequential damages because TGNA failed to plead that Allied's delay and failure to pay was done in breach of its duty of good faith and fair dealing. *Id*. at 10. For the same reason, Judge Abrams granted the motion to dismiss TGNA's request for attorneys' fees. *Id*. She denied Allied's motion to dismiss TGNA's request for interest for the same reason she denied the motion against 99 Wall. *Id.* And, finally, she dismissed TGNA's request for a declaratory judgment "that it is a named insured on the policy, that Defendant

---

[2] In *Sukup*, the Court held that an insured could recover attorney's fees if it could make "a showing of such bad faith in denying coverage that no reasonable carrier would, under the given facts, be expected to assert it." 19 N.Y.2d at 522.

4

'must provide insurance coverage' to Plaintiff-Intervenor, and that Defendant owes coverage for various damages including construction costs to repair physical loss; additional construction costs and expenses; additional soft costs to reduce loss; and costs associated with delay" on the grounds that a declaratory judgment was duplicative of the breach of contract claim and would not serve the purpose of a declaratory judgment action. *Id.* at 11-12 (citing *Intellectual Partner v. Inst. Credit Partners LLC*, 2009 WL 1974392, at *6 (S.D.N.Y. July 8, 2009)). Judge Abrams gave TGNA leave to replead. *Id*. at 12-13.

TGNA's proposed AIC, filed pursuant to the schedule set by the Court, provides greater specificity as to its requests for consequential damages and attorneys' fees but otherwise contains the same and singular breach of contract claim.

## **LEGAL STANDARD**

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure:

> [A] party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

"In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Court of Appeals for the Second Circuit has stated that "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (citation and internal quotation marks omitted). Under Rule 15, leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the

opposing party, or futility." *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## DISCUSSION

In this case, there has been no undue delay. TGNA timely moved to amend in response to Judge Abram's ruling on Allied's motion to dismiss. *See Local 802 Associated Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 89-90 (2d Cir. 1998) (holding that District Court abused discretion when refusing to permit movant to amend answer shortly after a ruling regarding an error in the pleadings). There also is no prejudice to Allied insofar as no additional discovery is needed by allowing the amendment—the parties are already exploring discovery related to Allied's alleged bad faith in connection with 99 Wall's request for consequential damages and attorneys' fees. Thus, permitting the amendment will not result in significant, if any, additional costs to Allied. Nor will permitting the amendment result in delay, as discovery is ongoing. Finally, consistent with Judge Abram's prior ruling, the amendment is not futile because the AIC now includes sufficient allegations of a breach by Allied of its implied covenant of good faith and fair dealing, which in some instances can justify consequential damages and an award of attorneys fees and costs. (*See* Tr. at 9-12.)

Allied's principal issue with the proposed amended pleading is that TGNA has largely parroted the allegations in 99 Wall's complaint with respect to the allegations supporting its request for consequential damages and attorneys' fees. (AIC ¶¶ 23-38 (describing Policy provisions that cover the losses sought by TGNA); AIC ¶¶ 41, 44-50 (describing Allied's refusal to recognize TGNA's claim and damages including additional construction costs, building materials costs, soft costs, claim preparation expenses, and costs associated with delay); AIC ¶¶ 64-69 (describing bad faith and damages flowing therefrom).) However, this is unsurprising given that

6

TGNA's claim arises from the very same Policy, Water Losses, and conduct by Allied.

Allied's argument that no contract claim can be asserted because it has no record of TGNA submitting a claim is inappropriate at this stage of the litigation; TGNA asserts that it filed a claim under the Policy and whether that is the case goes to the ultimate merits of the claim. (*See* AIC ¶ 42.) For this reason, the Court does not consider the affidavit of Ronald Keleman submitted by Allied in opposition to TGNA's motion. *Friedl v. City of New York,* 210 F.3d 79, 83-84 (2d Cir. 2000) (holding that a district court must exclude additional material outside are presented in response to a 12(b)(6) motion or convert the motion to one for summary judgment)*; see White v. Fein, Such and Crane, LLP,* 2016 WL 6493415, *2 (W.D.N.Y. Nov. 1, 2016) (holding that documents or affidavits submitted in opposition to a motion to amend that are beyond the scope of plaintiff's complaint and amended complaint are properly excluded as outside the procedural confines of a motion to dismiss).

Finally, Allied's argument that TGNA's allegations of bad faith are less robust than those plead by 99 Wall and the amendments are thereby unwarranted is also without merit. TGNA's allegations satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8. *See* Fed. R. Civ. P. 8(a). Indeed, courts in this Circuit have found similar allegations sufficient at the pleading stage. *See Sikarevich Family L.P. v. Nationwide Ins. Co.,* 30 F. Supp. 3d 166, 173 (E.D.N.Y. 2014) (holding that allegation that plaintiff suffered "loss of business income" due to defendant's "failure to pay its claim" and that defendant "denied its insurance claim in bad faith by failing to investigate and value its claim" sufficient to support request for consequential damages)*; see also Young Men's Christian Association of Plattsburgh v. Philadelphia Indemnity Insurance Company,* 18-CV-0565(LEK/DJS), 2018 WL 6267923, *6-7 (N.D.N.Y. Nov. 30, 2018) (finding that a prayer for consequential damages requires "an allegation suggesting" that the parties contemplated

consequential damages at the time of contracting); *Harriprashad* v. *Metropolitan Propety and Casualty Ins. Co.,* 09-CV-3105(ENV)(ALC), 2011 WL 6337699, *2 (E.D.N.Y. Nov. 17, 2011) ("Here plaintiff makes the argument that [defendant] denied the coverage in bad faith, accordingly, at this liberal pleading stage, plaintiff should be permitted to assert a claim for special damages."); *Woodworth v. Erie Ins. Co.,* 05-CV-6344, 2009 WL 1652258, *5 (W.D.N.Y. Jun. 12, 2009) (granting in part leave to amend complaint to assert demand for consequential damages).

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion to Amend is GRANTED. The Clerk is respectfully requested to terminate the motion at ECF 40.

**SO ORDERED.**

Dated: May 17, 2019
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge