USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/14/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
99 WALL DEVELOPMENT INC.,

                                    Plaintiff,

               -against-

ALLIED WORLD SPECIALTY INSURANCE COMPANY
formerly known as DARWIN NATIONAL ASSURANCE
COMPANY,

                                    Defendant.
-----------------------------------------------------------------X

**OPINION & ORDER ON MOTION TO COMPEL**

**18-CV-126 (RA) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff 99 Wall Development Inc. ("99 Wall") is seeking payments under a Commercial Inland Marine Property insurance policy provided by Defendant Allied World Specialty Insurance Company ("Allied").[1] The insurance payments are for losses sustained from two major water leaks that damaged a 29-story office building that 99 Wall was converting into residential condominiums, causing significant repair costs and delay in completion of the conversion project. The two water-related losses occurred on July 29, 2016 and October 6, 2016. The first incident involved rain water leaking through the roof of the building and causing damage to the building's elevators. The second incident involved a leak from a water tank on the 25th floor of the building, causing extensive damage to various condominium units and common areas.

---

[1] Allied was formerly known as Darwin National Assurance Company.

99 Wall timely submitted claims to Allied.  As part of its investigation into the claims, Allied requested documents from 99 Wall including the construction schedule and modifications to the schedule, invoices, and various contracts for the project.  While it was investigating, Allied advanced certain amounts to 99 Wall and ultimately paid more amounts that it deemed were covered under the policy.  However, 99 Wall contends that more amounts are due under the policy—in particular, for losses caused by the delay in the completion of the project.  In February 2017, Allied informed 99 Wall that it needed to further investigate the delay and causes for it.  In May 2017, Allied informed 99 Wall of its final coverage position—that the policy did not cover costs associated with the delay in the project.

Subsequently, 99 Wall brought this action for breach of contract.  In connection with this claim, 99 Wall alleges that Allied acted in bad faith throughout its investigation and adjustment of its insurance claims.  It contends that Allied did not promptly pay amounts it knew were due under the policy and attempted to take advantage of 99 Wall's precarious financial situation by offering less than full coverage under the policy.

Presently before the Court is Plaintiff's motion to compel production of certain documents listed on Allied's privilege log.  (ECF No. 100.)  In connection with the motion, 99 Wall identified one hundred representative documents on the log for this Court's *in camera* review.  Allied subsequently produced 20 of the 100 documents, leaving 80 for the Court to review *in camera*.  A portion of the documents were withheld in total on the grounds they were protected by the attorney client privilege and/or work product doctrine.  The remaining documents were produced in redacted format, with the redacted portions withheld on the

same grounds, as well as relevance grounds to the extent the redactions pertain to litigation reserves set aside for 99 Wall's claim and reinsurance coverage amount changes related to 99 Wall's claim.

For the reasons set forth below, the motion is granted in part and denied in part.

## LEGAL STANDARDS

### 1. Scope of Discovery

Federal Rule of Civil Procedure 26(b)(1) sets the boundaries for discovery. A party may request and obtain *non-privileged* information relevant to its claims and defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Under Federal Rule of Civil Procedure 1, both parties are obliged to pursue discovery within the limits of Rule 26(b)(1) and in a manner designed to result in a speedy resolution with as minimal costs as possible. Here, the parties dispute the relevance of reserve and reinsurance information. If a document is not relevant, the Court need not address whether the document is privileged. If a document is relevant and privileged, the party asserting privilege has the burden of demonstrating it is privileged. *See, e.g.*, *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (citing *von Bulow ex rel. Auersperg v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987)); *In re Priest v. Hennessy*, 51 N.Y.2d 62, 68-70, 409 N.E.2d 983, 986-87, (1980); *Hoopes v. Carota*, 142 A.D.2d 906, 910, 531 N.Y.S.2d 407, 410 142 A.D.2d 906, 910 (3rd Dep't 1988), *aff'd* 74 N.Y.2d 716, 543 N.E.2d 73 (1989).

### 2. Attorney-Client Privilege

In diversity cases such as this, where state law governs the claims, the Court looks to state law for determining privilege. *E.g.*, *AIU Ins. Co. v. TIG Ins. Co.*, No. 07 Civ. 7052(SHS)(HBP),

2008 WL 4067437, at *5 (S.D.N.Y. Aug. 28, 2008) (citations omitted) (applying New York law), *modified on reconsideration,* No. 07 Civ. 7052(SHS)(HBP), 2009 WL 1953039 (S.D.N.Y. July 8, 2009); *see also* Fed. R. Evid. 501.

Under New York law, the attorney-client privilege protects communications between client and counsel made for the purpose of obtaining or providing legal advice that were intended to be and in fact kept confidential. *Bowne of N.Y.C., Inc. v. AmBase Corp.*, 161 F.R.D. 258, 264 (S.D.N.Y. 1995) (citing *People v. Osorio,* 75 N.Y.2d 80, 82–84, 549 N.E.2d 1183, 1185 (1989)). The privilege is narrowly construed because it renders relevant information undiscoverable. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *see also Hoopes*, *supra*, 142 A.D.2d 906 at 908, 531 N.Y.S.2d 407 at 409 (explaining that the attorney-client privilege "constitutes an obstacle to the truth-finding process" and, thus, its "invocation . . . should be cautiously observed to ensure that its application is consistent with its purpose" (internal quotation marks, alterations, and citations omitted)).

Internal investigation notes and documents also may be privileged. Because the "first step in the resolution of any legal problem is ascertaining the factual background and sifting through the facts with an eye to the legally relevant," *Upjohn*, *supra*, , 449 U.S. at 390-91, factual investigations conducted or directed by an attorney fall within the attorney-client rubric. *Id.* at 391 (employee factual responses to questionnaires from counsel in connection with internal investigation to provide legal advice protected by attorney-client privilege); *Gucci Am., Inc. v. Guess?, Inc.,* 271 F.R.D. 58, 71 (S.D.N.Y. 2010) (citations omitted) (collecting cases).

Finally, draft documents sent to counsel for legal review may be protected by the attorney-client privilege if the draft and communications concerning it were intended to be and maintained as confidential. *See Bowne of N.Y.C., Inc. v. AmBase Corp.*, 150 F.R.D. 456, 490 (S.D.N.Y. 1993) (citing *Kenford v. Cty. of Erie*, 55 A.D.2d 466, 469, 471, 390 N.Y.S.2d 715, 719 (4th Dep't 1977)); *S.E.C. v. Beacon Hill Asset Mgmt. LLC*, 231 F.R.D. 134, 145 (S.D.N.Y. 2004); *Softview Comput. Prods. Corp. v. Haworth, Inc.*, No. 97 Civ. 8815 (KMW) (HBP), 2000 WL 351411, at *15 (S.D.N.Y. Mar. 31, 2000); *Sequa Corp. v. Gelmin*, No. 91 Civ. 8675 (CSH), 1994 WL 538124, at *3 (S.D.N.Y. Oct. 3, 1994). Similarly, "drafts of documents prepared by an attorney for subsequent transmission to third parties may be "protected by the attorney-client privilege" if the draft contains "confidential information communicated by the client to the attorney that is maintained in confidence." *Beacon Hill Asset Mgmt. LLC*, *supra*, 231 F.R.D. at 145 (citing *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, *supra,* 731 F.2d 1032, 1037 (2d Cir. 1984)); *Softview Comp. Prods. Corp., supra* , 2000 WL 351411 at *15; *ECDC Envtl. L.C. v. N.Y. Marine & Gen. Ins. Co., supra,* 1998 WL 614478 at *10 (S.D.N.Y. June 4, 1998)). "A draft is not privileged simply because it is prepared by an attorney." *Id.* (citing Koumoulis *v. Independent Financial Marketing Group, Inc.*, 295 F.R.D. 28, n.23 (E.D.N.Y. 2013); *Bowne* 1993*, supra,,* 150 F.R.D. at 490 (citing *Kenford, supra*, 390 N.Y.S.2d at 719)).

3. ***Work Product Doctrine***

"Unlike the attorney-client privilege, the work product protection in diversity cases is governed by federal law." *Bowne of N.Y.C., Inc.*, 161 F.R.D. at 264 (S.D.N.Y. 1995) (citing *Fine v. Facet Aerospace Prods. Co.,* 133 F.R.D. 439, 444–45 (S.D.N.Y. 1990)). Pursuant to Rule 26(b)(3)

5

of the Federal Rules of Civil Procedure, documents and tangible things prepared by a party or its representative in anticipation of litigation are protected under the work product doctrine. *See* Fed. R. Civ. P. 26(b)(3)(A); *Welland v. Trainer,* No. 00 Civ. 0738(JSM), 2001 WL 1154666, at *2 (S.D.N.Y. Oct. 1, 2001) ("Where a document is created because of the prospect of litigation" it is eligible for work product protection (internal quotation marks omitted)) (quoting *United States v. Adlman,* 134 F.3d 1194, 1202 (2d Cir. 1998)); *see also Hickman v. Taylor,* 329 U.S. 495 (1947) (establishing and articulating application of the work product doctrine). The key factor in determining applicability of this doctrine is whether the documents or things were prepared "with an eye toward," *Hickman*, *supra*, 329 U.S. at 510-511, or "in anticipation of," *Schaeffler v. United States*, 806 F.3d 34, 43 (2d Cir. 2015), or "because of the prospect of litigation." *Adlman*, *supra*, 134 F.3d at 1202. "[T]he doctrine is not satisfied merely by a showing that the material was prepared at the behest of a lawyer or was provided to a lawyer. Rather the materials must result from the conduct of 'investigative or analytical tasks to aid counsel in preparing for litigation.'" *In re Symbol Techs., Inc. Sec. Litig.*, No. CV 05-3923 (DRH) (AKT), 2017 WL 1233842 (E.D.N.Y. Mar. 31, 2017) (quoting *Wultz v. Bank of China Ltd.,* 304 F.R.D. 384, 393-94 (S.D.N.Y. 2015)).

Thus, a court must determine if the materials would have been prepared "'in essentially similar form irrespective of the litigation.'" *Id.*, at *8 (quoting *Adlman*, 134 F.3d at 1202; *Clarke v. J.P. Morgan Chase & Co.*, No. 08-cv-2400 (CM) (DF), 2009 WL 970940, at *7 (S.D.N.Y. Apr. 10, 2009). But, unlike the rule for invoking attorney-client privilege, the predominant purpose of the work product need not be to assist with litigation to be protected; rather, the work product

need only have been prepared or obtained because of the prospect of litigation. *Adlman*, 134 F.3d at 1202; *In re Symbol Techs., Inc. Sec. Litig.*, 2017 WL 1233842, at *8.

The setting of litigation reserves sometimes is found to be protected from disclosure by the work product doctrine. *See, e.g., Lava Trading, Inc. v. Hartford Fire Ins. Co.*, No. 03 Civ.7037 (PKC) (MHD), 2005 WL 66892, at *2 (S.D.N.Y. Jan. 11, 2005) (noting court's ruling precluding discovery of "reserves . . . was based on the notion that such specific figures represent work product, since they are normally created because of the anticipation of litigation."); *In re Pfizer Inc. Sec. Litig.*, No. 90 Civ. 1260 (SS), 1994 WL 263610, at *1–2 (S.D.N.Y. June 6, 1994) (finding "if a document sets forth the methodology for calculating the case reserve for an individual claimant, it is privileged as work product (and perhaps also as an attorney-client communication)," but "if a document describes the methodology for determining an *aggregate case reserve*, it is not entitled to the work product or attorney-client privileges (emphasis added)); *Sundance Cruises Corp. v. Am. Bureau of Shipping*, No. 87 Civ. 0819 (WK), 1992 WL 75097, at *1 (S.D.N.Y. Mar. 31, 1992) (finding that "to the extent reserves 'are an indication of potential liability' . . . they might be based in large part upon the opinions of counsel and would, therefore, be protected from disclosure").

At the same time, Allied states that that the setting of a reserve is a business judgment and notes that New York statutes require an insurance company to set reserves, which are used to determine an insurer's financial condition. N.Y. Ins. Law § 4117 (McKinney); N.Y. Ins. Law § 1303 (McKinney).

*4. Waiver*

A party may waive privilege or work product protection by voluntarily disclosing otherwise protected information to a third party. The party asserting privilege has the burden of establishing that there has been no waiver. *Spectrum Sys. Int'l Corp.*, 78 N.Y.2d at 377, 581 N.E.2d at 1059; *Hoopes*, 142 A.D.2d at 909, 531 N.Y.S.2d at 409; *see also, e.g.*, *Pearlstein v. BlackBerry Ltd.*, No. 13-CV-07060 (CM)(KHP), 2019 WL 1259382, at *6 (S.D.N.Y. Mar. 19, 2019). Slightly different rules govern waiver of attorney-client privilege and work product protection. In the case of the attorney-client privilege, "if the holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the matter or communication over which the privilege is claimed," the privilege is waived. *Id.* (quoting *Fullerton v. Prudential Ins. Co.*, 194 F.R.D. 100, 102 (S.D.N.Y 2000); *New York Times Newspaper Div. of New York Times Co. v. Lehrer McGovern Bovis, Inc.*, 300 A.D.2d 169, 172, 752 N.Y.S.2d 642, 645–46 (1st Dep't 2002) ("Disclosure of a privileged document generally operates as a waiver of the privilege unless it is shown that the client intended to maintain the confidentiality of the document, [and] that reasonable steps were taken to prevent disclosure . . . ." (citations omitted)).

Unlike the attorney-client privilege, work product protection is not waived merely because the material is disclosed to a third party. *See, e.g., Adlman,* 134 F.3d at 1200 n. 4 (work product may be shown to others "simply because there [is] some good reason to show it" without waiving the protection). Protection is waived only when work product is disclosed to a third party in a manner that is inconsistent with the purpose of the protection. *See In re*

*Steinhardt Partners, L.P.*, 9 F.3d 230, 235 (2d Cir. 1993); *In re Symbol Techs., Inc. Sec. Litig.*, 2017 WL 1233842, at *9 (disclosure that substantially increases the opportunities for potential adversaries to obtain the information results in a waiver of work product protection); *In re Visa Check/MasterMoney Antitrust Litig.,* 190 F.R.D. 309, 314 (S.D.N.Y. 2000) (purpose of work product doctrine is "to keep counsel's work from his opponent in the litigation so that it will not be used against him").

Here, to the extent Allied communicated with third-party reinsurers, any privilege or work product protection would be waived as to information conveyed unless there were a common interest privilege shared by the reinsurer and Allied. *See Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132, 139 (S.D.N.Y. 2012). Here, Allied has not asserted any common interest privilege with its reinsurers. And, "a common interest cannot be assumed merely on the basis of the status of the parties [as insurer and reinsurer]." *N. River Ins. Co. v. Columbia Cas. Co.,* No. 90 CIV. 2518 (MJL), 1995 WL 5792, at *4 (S.D.N.Y. Jan. 5, 1995).

With the above standards in mind, the Court's analysis of the parties' privilege arguments is set forth below.

## DISCUSSION

Having carefully reviewed the 80 documents submitted for *in camera* review, it is clear that Allied was overly zealous in withholding and redacting documents as privileged and/or work product. The documents presented to the Court include communications and other documents reflecting Allied's investigation of the claim for purposes of determining its coverage position, counsel's determination of subrogation rights, draft letters to 99 Wall and/or

9

its counsel regarding Allied's investigation and coverage position, a draft waiver agreement between the parties pertaining to settlement discussions pre-litigation, correspondence regarding claims processing, information about the setting of reserves and adjustments to reinsurance coverage.

The Court first addresses redactions based on relevance, as this is a threshold issue. Allied argues that information about reserves and reinsurance is not relevant. Relevance of reserve information is evaluated on a case-by-case basis. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. H & R Block, Inc.*, No. 12 CIV. 1505(AT)(HBP), 2014 WL 4377845, at *4 (S.D.N.Y. Sept. 4, 2014). Courts in this District have found reserve information relevant where bad faith has been alleged. See *id.* at *4-5 (finding that the establishment of a reserve has probative value and is discoverable, especially where a bad faith refusal to pay is alleged); *Fireman's Fund Ins. Co.*, *supra*, 284 F.R.D. at 139 (S.D.N.Y. 2012) (directing insurer to produce reserve information as relevant and because it may reflect the insurer's "own beliefs about coverage and their liability" (quoting *U.S. Fire Ins. Co. v. Bunge North America, Inc.*, 244 F.R.D. 638, 645 (D. Kan. 2007)); *866 E. 164th St., LLC v. Union Mut. Fire Ins. Co.*, No. 16-CV- 03678 (SN), 2016 WL 6901321, at *2 (S.D.N.Y. Nov. 23, 2016) (finding that changes in reserves throughout the investigation of an insurance claim relevant to whether defendant improperly denied plaintiff's claim).

Although New York does not recognize a separate cause of action for bad faith, courts permit bad faith allegations to be included in a complaint as part of a breach of contract cause of action. *Woodhams v. Allstate Fire and Cas. Co.,* 748 F. Supp. 2d 211, 223 (S.D.N.Y. 2010); *Rockville Ctr. v. Gen. Reinsurance Corp.*, No. 16 CIV. 02063 (CM), 2016 WL 5793996, at *3-4

(S.D.N.Y. Sept. 23, 2016)).  Plaintiff has included bad faith allegations in its complaint in connection with its breach of contract claim in support of its request for consequential damages and attorneys' fees.  (ECF No. 128.)  As such, I find that reserve information is relevant under the broad relevance standard of Rule 26(b)(1).

Similarly, the relevance of reinsurance information is determined on a case-by-case basis.  Most courts to address the issue have found that reinsurance information is relevant, however.  *Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc.*, 270 F.R.D. 141, 142 (E.D.N.Y. 2010) (finding reinsurance information relevant to allow both parties to properly appraise the case).  Those courts that have held reserve information to be relevant have explained that reserve information might shed light on an insurer's understanding of a claim and assessment of a claim's value and is therefore relevant.  *See Fireman's Fund Ins. Co.*, *supra,* 284 F.R.D. at 137–38; *Stonewall Ins. Co. v. Nat'l Gypsum Co.*, No. 86 CIV. 9671 (SWK), 1988 WL 96159, at *5 (S.D.N.Y. Sept. 6, 1988).  Other courts have found that some reinsurance information is irrelevant even while finding the reinsurance agreements themselves were discoverable. *See, e.g.*, *Certain Underwriters at Lloyd's v. Nat'l R.R. Passenger Corp.*, 2016 WL 2858815, at *4 (E.D.N.Y. May 16, 2016) (denying an insured's motion to compel communications with reinsurer). In this case, I find that reinsurance information is relevant for the same reason that the reserve information is relevant—it sheds light on Allied's internal evaluations of the extent of 99 Wall's losses.  Differences between its internal assessment and coverage position may be relevant to Allied's good/bad faith compliance with its contractual obligations under the policy.

Turning to privilege, the vast majority of documents withheld or redacted are not in fact privileged because they do not seek or convey legal advice. For example, several of the documents on Allied's log are email communications scheduling calls with its attorney. These are not privileged. Some documents are redacted because they mention that counsel has been retained. The fact of retention of an attorney is not privileged. A number of draft documents prepared by Allied's counsel for ultimate dissemination to 99 Wall or its counsel also are not privileged as far as this Court can tell. No legal advice or confidential information appears in the drafts, and Allied has not otherwise provided information to demonstrate why these drafts should be privileged. A number of the drafts are letters for McLarens, the loss adjuster who was retained to investigate the claim, to send to 99 Wall. The draft letters advise 99 Wall that McLaren has been retained to investigate the nature, scope and cause of the claimed loss and damage under the policy and request additional information from 99 Wall as part of its investigation. As noted above, the mere fact that an attorney prepared a draft does not make it privileged. Nothing in the draft letters appears to be confidential information communicated by the client to the attorney that was intended to be maintained in confidence. Similarly, these drafts would not be work product because they would not have been prepared differently in the normal course of business—Allied was obliged to investigate the insurance claim in order to determine what damage it would cover under the policy. Indeed, under New York law, "documents prepared in the ordinary course of an insurer's business (which by its nature, involves claim investigation and analysis) are not protected from discovery, even when they are provided to or prepared by counsel." *866 E. 164th St., LLC, supra,* 2016 WL 6901321, at *1

(quoting *OneBeacon Ins. Co. v. Forman Int'l, Ltd.*, No. 04 CIV. 2271 (RWS), 2006 WL 3771010, at *5 (S.D.N.Y. Dec. 15, 2006)). *See also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. TransCanada Energy USA, Inc.*, 119 A.D.3d 492, 493, 990 N.Y.S.2d 510, 511–12 (2014) ("The record shows that the insurance companies retained counsel to provide a coverage opinion, i.e. an opinion as to whether the insurance companies should pay or deny the claims. Further, the record shows that counsel were primarily engaged in claims handling – an ordinary business activity for an insurance company").

On the other hand, a few documents on Allied's log were properly withheld as privileged and/or work product to the extent they contained counsel's legal assessment of claims, revealed legal advice sought or conveyed by counsel, and reflected counsel's investigation of the claim for purposes of providing advice on coverage and this litigation, including reserve amounts. The Court notes that much of the redacted reserve information appears to be the company's internal business decisions on the reserve level and does not reflect counsel's advice on the reserve. The factual level of the reserve is not privileged and, as Allied notes, is a business judgment and requirement of New York law. An insurance company must set reserves to pay claims under its policies. Thus, in the context of an insurance claim, the proposition that reserve decisions are privileged holds less weight than in other litigation contexts. Nonetheless, there are a few redactions where the information redacted appears to reflect advice of counsel about the rationale for the reserve level in the context of this litigation and therefore is privileged and/or work product. The same reasoning applies to the documents that contain information about reinsurance.

The Court attaches a chart setting forth a summary of its ruling as to each of the 80 documents.

**CONCLUSION**

For the reasons set forth above, 99 Wall's motion is granted in part and denied in part. Allied shall produce the documents on its log by June 21, 2019, consistent with the above.

SO ORDERED.

Dated: June 14, 2019
       New York, New York

*Katharine H. Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge

| Document Number | Privilege Asserted | Court's Ruling |
| --- | --- | --- |
| AWAC0000758 | Attorney Client; Work Product | A/C and WP |
| AWAC0005618 | Attorney Client; Work Product | Not A/C; WP |
| AWAC0005950* | Attorney Client; Work Product | Not A/C because no legal advice conveyed or sought; WP because prospect of litigation |
| AWAC0005963* | Attorney Client | NP; no legal advice conveyed or sought |
| AWAC0005968 | Attorney Client; Work Product | A/C and WP |
| AWAC0005982 | Attorney Client; Work Product | Not A/C because no legal advice conveyed or sought; not WP |
| AWAC0005986 | Attorney Client; Work Product | Not A/C because no legal advice conveyed or sought; not WP |
| AWAC0005991 | Attorney Client; Work Product | A/C and WP |
| AWAC0006032* | Attorney Client | NP; no legal advice conveyed or sought |
| AWAC0001903 | Attorney Client; Work Product | A/C and WP |
| AWAC0002413* | Attorney Client; Work Product | Not Relevant |
| AWAC0005518 | Attorney Client | NP; no legal advice conveyed or sought |
| AWAC0009687 | Attorney Client; Work Product | Not A/C because no legal advice conveyed or sought; not WP |
| AWAC0009693 | Attorney Client; Work Product | Not A/C because no legal advice conveyed or sought; not WP |
| AWAC0009698 | Attorney Client; Work Product | Not A/C because no legal advice conveyed or sought; not WP |
| AWAC0009759 | Attorney Client; Work Product | WP |
| AWAC0009778 | Attorney Client; Work Product | WP |
| AWAC0009786 | Attorney Client; Work Product | WP |

| | | |
|---|---|---|
| AWAC0010213 | Attorney Client; Work Product | Not A/C because no legal advice conveyed or sought; not WP |
| AWAC0010228 | Attorney Client; Work Product | Not A/C because no legal advice conveyed or sought; not WP |
| AWAC0010489 | Attorney Client; Work Product | Not A/C because not legal advice conveyed or sought; not WP |
| AWAC0010517 | Attorney Client; Work Product | Not A/C because no legal advice conveyed or sought; not WP |
| AWAC0010564 | Attorney Client | NP; no legal advice conveyed or sought |
| AWAC0010569 | Attorney Client; Work Product | Not A/C because no legal advice conveyed or sought; not WP |
| AWAC0010574 | Attorney Client; Work Product | Not A/C because no legal advice conveyed or sought; not WP |
| AWAC0010595 | Attorney Client | NP; no legal advice conveyed or sought |
| AWAC0010648 | Attorney Client | NP; no legal advice conveyed or sought |
| AWAC0011324 | Attorney Client; Work Product | A/C & WP |
| AWAC0011942 | Attorney Client; Work Product | A/C & WP |
| AWAC0011947 | Attorney Client; Work Product | Not A/C because no legal advice conveyed or sought; WP |

| Bates Range | Privilege Claimed | Ruling |
|---|---|---|
| AWAC0000946 – AWAC0000947 | Reserves; Attorney Client | Not A/C because no legal advice conveyed or sought; unredact Reserve change history insofar as it indicates change dates and TBD amounts and Description of Reserve Change/Reason Notice; unredact information in section labeled damage/injury assessment and procedure history and current status |
| AWAC0001498 – AWAC0001499 | Reserves; Attorney Client | same as 0000946-947 |
| AWAC0002393 – AWAC0002394 | Reserves; Attorney Client | same as 0000946-947 except unredact in section called case evaluation |
| AWAC0002688 – AWAC0002716 | Reinsurance; Reserves; Attorney Client; | A/C and WP in part; advice and invoices from Cozen and Mound Cotton & Wollan & Greengrass can remain redacted; other portions to be unredacted |
| AWAC0001684 – AWAC0001710 | Reserves; Attorney Client | same as 0002688 |
| AWAC0003799 – AWAC0003801 | Reserves | unredact |
| AWAC0002631 – AWAC0002636 | Attorney Client; Work Product | A/C & WP |
| AWAC0011792 – AWAC0011795 | Attorney Client | Not A/C because does not reveal legal advice sought or conveyed |
| AWAC0002475 – AWAC0002477 | Reserves | unredact |
| AWAC0004884 – AWAC0004886 | Reserves | unredact |
| AWAC0004887 – AWAC0004890 | Reserves | unredact |
| AWAC0001979 – AWAC0001980 | Reserves | unredact |
| AWAC0001052 – AWAC0001053 | Reserves | unredact |

| | | |
|---|---|---|
| AWAC0000798 – AWAC0000802 | Reserves | unredact |
| AWAC0001962 – AWAC0001966 | Reserves | unredact |
| AWAC0010267 – AWAC0010269 | Attorney Client | Not A/C because not conveying or requesting legal advice |
| AWAC0000837 – AWAC0000840 | Reserves | unredact |
| AWAC0010460 – AWAC0010464 | Attorney Client; Work Product; | A/C & WP |
| AWAC0000857 – AWAC0000859 | Reserves; Attorney Client; Work Product; | Not A/C; WP |
| AWAC0001073 – AWAC0001076 | Reserves; Attorney Client; Work Product | Not A/C; WP |
| AWAC0000829 – AWAC0000833 | Reinsurance; Reserves; Attorney Client | A/C and WP as to redactions on 829-830; otherwise unredact |
| AWAC0000948 – AWAC0000950 | Reserves | unredact |
| AWAC0009863 – AWAC0009868 | Attorney Client; Work Product | redaction on 9864 is A/C & WP; otherwise unredact |
| AWAC0009870 – AWAC0009875 | Attorney Client; Work Product | redaction on 9871 is A/C & WP; otherwise unredact |
| AWAC0009968 – AWAC0009973 | Attorney Client; Work Product | redaction on 0009969 is A/C & WP; otherwise unredact |
| AWAC0010132 – AWAC0010134 | Attorney Client; Work Product | Not A/C because no legal advice conveyed or sought; not WP |

| | | |
|---|---|---|
| AWAC0010135 – AWAC0010136 | Attorney Client; Work Product | Not A/C because no legal advice conveyed or sought; not WP |
| AWAC0005690 – AWAC0005692 | Attorney Client | Not A/C because no legal advice conveyed or sought |
| AWAC0005683 – AWAC0005686 | Attorney Client | NP; no legal advice conveyed or sought |
| AWAC0002172 – AWAC0002174 | Reinsurance; Reserves | unredact |
| AWAC0002108 – AWAC0002109 | Reserves; Attorney Client | unredact; not A/C |
| AWAC0002494 – AWAC0002496 | Reserves | unredact |
| AWAC0009729 – AWAC0009735 | Attorney Client; Work Product | Not A/C because no legal advice conveyed or sought; not WP |
| AWAC0005775 – AWAC0005781 | Attorney Client; Work Product | A/C & WP except redaction on 0005775 |
| AWAC0005674 – AWAC0005678 | Attorney Client | Not A/C because no legal advice conveyed or sought |
| AWAC0005655 – AWAC0005657 | Attorney Client; Work Product | A/C & WP |
| AWAC0005599 – AWAC0005601 | Attorney Client | Not A/C because no legal advice conveyed or sought |
| AWAC0010238 – AWAC0010241 | Attorney Client | Not A/C because no legal advice conveyed or sought |
| AWAC0001942 – AWAC0001946 | Reserves | unredact |

| | | |
|---|---|---|
| AWAC0001469 – AWAC0001473 | Reserves; Attorney Client; Work Product | most is NP; unredact except for redaction on 0001471, which is A/C & WP |
| AWAC0001280 – AWAC0001283 | Reserves; Attorney Client; Work Product | most is NP; unredact except for redaction on 0001280-81, which is A/C & WP |
| AWAC0003866 – AWAC0003904 | Reserves | unredact |
| AWAC0003799 – AWAC0003801 | Reserves | unredact |
| AWAC0002631 – AWAC0002636 | Attorney Client; Work Product | A/C & WP |
| AWAC0001529 – AWAC0001534 | Attorney Client | Not A/C; unredact |
| AWAC0002637 – AWAC0002642 | Attorney Client; Work Product | NP; unredact |
| AWAC0010186 – AWAC0010189 | Reserves | unredact |
| AWAC0003160 – AWAC0003165 | Attorney Client | A/C; unredact |